[No. 8,568. Department One.—March 19, 1885.]

WILLIAM K. McKEE ET AL., MINORS, BY THEIR GUARDIAN, CATHERINE McKEE, APPELLANTS, v. O. J. PRESTON ET AL., RESPONDENTS.

MINORS — CONTRACT WITH FATHER FOR BENEFIT OF — MONEY HAD AND RECEIVED.—The defendants erected a building on land belonging to certain minors, in pursuance of a contract made with their father that the cost of construction should be paid out of the rents accruing from the building. *Held*, that the minors could not maintain an action for money had and received to recover the rents applied in payment for the building.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action for money had and received. The facts are sufficiently stated in the opinion of the court.

*John M. Burnett*, for Appellants.

The land belonged to the plaintiffs, and the buildings erected thereon, and the rents, issues, and profits, followed the ownership of the soil. The father of the minors had no power to assign the rents of their property. (Civil Code, § 202 ; *Kline* v. *Beebe*, 6 Conn. 494 ; *Andersen* v. *Darby*, 1 Nott & McC. 369 ; *May* v. *Calder*, 2 Mass. 55 ; *Miles* v. *Kaigler*, 10 Yerg. 10 ; *Combs* v. *Jackson*, 2 Wend. 153 ; *Jackson* v. *Combs*, 7 Cow. 36.) The defendants are liable in an action for money had and received for the rents converted by them. (Tyler on Infancy, 162.)

*G. F. & W. H. Sharp*, for Respondents.

The plaintiffs are not equitably or in good conscience entitled to the rents, they having received the benefit of the building. Consequently an action for money had and received will not lie.

Ross, J.—This being an action for money had and received proceeds upon the theory that the defendants have money which in equity and good conscience belongs to the plaintiffs. The plaintiffs are minor children of one McKee, with whom they lived at the time of the transaction in question. Being the owners of certain unimproved land in the city of San Francisco, their father said to the defendants that if they would erect a certain building on the land he could rent it, and that they, defendants, should receive the rents of the building, until the rents should pay for its construction. Defendants accepted the proposition; put up the building; it was rented, and they received the rents, and applied them in discharge of the cost of the building. After all this had transpired, the minors, by their guardian, bring this action to recover of the defendants the amount of rent so received and applied. There is nothing in the case tending to show that the building was not worth

what the defendants charged and received for it. The question is, whether or not it is right to make the defendants, who, under the circumstances stated, erected the building, and who were paid therefor out of the rents of the building, refund those rents. The effect of this would be to give the plaintiffs the benefit of defendants' material and labor without any compensation, which would not be just. On the whole, we think the judgment and order should be affirmed, and it is so ordered.

McKinstry, J., and Morrison, C. J., concurred.

Hearing in Bank denied.